NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 17, 2015
November 19, 2015

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

| | |
|---|---|
| No. 15-1605 | Appeal from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 14-10040-001 Joe Billy McDade, *Judge*. |
| HILLARD D. MARTIN, *Defendant-Appellant*. | |

## Order

Before the police could stop Hillard Martin for jaywalking, he took off running. An officer gave chase but lost sight of him. But Collin White, who had been sitting in a van, called 911 after seeing a running man throw away a gun that had been in his waistband. White later described the runner's clothing (which matched Martin's) and selected two photos of men who looked like the person he had seen; one of the two photos depicted Martin. Martin was charged with violating 18 U.S.C. §922(g)(1), because his prior convictions made it unlawful for him to possess a gun. After a bench trial, the district judge found White to be credible, which led to Martin's conviction and 37-month sentence.

Martin's sole argument on appeal is that the judge should not have believed White. Martin contends that White may have confused him with someone else, similarly dressed in a maroon top and camouflage pants. Yet assessment of credibility is the province of the trier of fact. Such an assessment may be set aside on appeal only if no reasonable person could have believed the witness—if, for example, solid physical or documentary proof shows that the testimony cannot have been true. See, e.g., *United States v. Johnson*, 437 F.3d 665, 675 (7th Cir. 2006); *United States v. Calabrese*, 572 F.3d 362, 369 (7th Cir. 2009).

Martin does not contend that other evidence of record shows that White necessarily was mistaken. Instead he points to three inconsistencies: White testified that Martin and a companion ran from the officer, while other evidence showed that the companion did not run; White testified that he had not seen a police cruiser turn right onto a side street at the time the officer driving the cruiser said he had done so; White testified that he had not seen a cruiser parked in a particular place. The second two things could have been caused by White's looking elsewhere, and the first sort of inconsistency is normal in human recollection. The district judge remarked that "there was a lot going on" and that imperfect memory of the full picture was understandable. In the end, the judge believed White's testimony, and he did not make a clearly erroneous finding by doing so.

AFFIRMED